■ JOSE LOPEZ, Respondent, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants. [666 NYS2d 21] —In an action to recover damages for personal injuries, the defendants New York City Housing Authority and City of New York separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Kings County (Greenstein, J.), dated October 15, 1996, as denied their respective motion and cross-

motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the defendants' respective motion and cross motion for summary judgment are granted, and the complaint is dismissed.

The plaintiff tripped and fell on a three-fourths-inch difference in height between two different segments of pavement in the Borinquen Plaza mall in Brooklyn. The court denied the defendants' motion and cross motion for summary judgment, finding that an issue of fact existed as to whether the slight difference in height between a stretch of red brick "pavers" and the adjoining area of gray cement could "possibly creat[e] a trap or snare". We now reverse.

Generally, the issue of whether a dangerous or defective condition exists "depends on the peculiar facts and circumstances of each case", and is properly a question of fact for the jury (*Schechtman v Lappin,* 161 AD2d 118, 121; *see also, Evans v Pyramid Co.,* 184 AD2d 960). However, not every injury allegedly caused by an elevated brick or sidewalk slab need be submitted to a jury (*see, Trincere v County of Suffolk,* 90 NY2d 976). After considering the exiguous dimensions of the defect at issue here, along with all of the other circumstances surrounding the plaintiff's injury, we conclude that no issue of fact is presented, and that the plaintiff's complaint should be dismissed (*see, e.g., Hecht v City of New York,* 60 NY2d 57; *Caldwell v Village of Is. Park,* 304 NY 268, 274). Ritter, J. P., Friedmann, Krausman and McGinity, JJ., concur.