1997, as denied that branch of her motion which was for an award of costs, an attorney's fee, a sanction, and a surcharge against the receiver, and (2) an order of the same court, dated July 24, 1997, as denied her cross motion for costs, sanctions, and an award of an attorney's fee against the receiver.

Ordered that the orders are affirmed insofar as appealed from, without costs or disbursements.

Contrary to the plaintiff's contention, the Supreme Court properly denied her motions, *inter alia*, for costs and attorney's fees.

The plaintiff's remaining contention is without merit. O'Brien, J. P., Ritter, Thompson and Goldstein, JJ., concur.

■ KENNETH RISER, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. (And a Third-Party Action.) [688 NYS2d 645] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated March 13, 1998, which granted the motion of the defendant, the New York City Housing Authority, for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs. .

The plaintiff tripped and fell on the edge of a segment of pavement in the sidewalk of a Brooklyn building owned by the defendant, the New York City Housing Authority. The portion of the pavement upon which the plaintiff tripped was a few inches in length, and was raised, at its highest point, approximately one inch above the adjacent segment of pavement.

Generally, the issue of whether a dangerous or defective condition exists depends on the particular facts and circumstances of each case, and is properly a question of fact for the jury (*see, Trincere v County of Suffolk*, 90 NY2d 976; *see also, Lopez v New York City Hous. Auth.*, 245 AD2d 273). However, not every injury allegedly caused by an elevated sidewalk slab need be submitted to a jury, and a trivial defect on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub his toes, or trip on a raised projection, is not actionable (*see, Trincere v County of Suffolk, supra*, at 977; *see also, Marinaccio v LeChambord Rest.*, 246 AD2d 514). Scrutiny of the photographs identified by the plaintiff as accurately reflecting the condition of the sidewalk at the time of his fall supports the Supreme Court's conclusion that, as a matter of law, the alleged defect, which did not have any of the characteristics of a trap or snare, was too trivial to be actionable (*see, Perrotta v Jamal*, 245 AD2d 357; *Lopez v New York City Hous. Auth, supra*; *Guerrieri v*

*Summa,* 193 AD2d 647). Accordingly, the Supreme Court properly granted summary judgment dismissing the complaint.

The plaintiff's remaining contention is without merit. S. Miller, J. P., Santucci, Sullivan and Florio, JJ., concur.