■ PETER NEUMANN, Respondent, v SENIOR CITIZENS CENTER, INC., Doing Business as HOWARD BEACH SENIOR CENTER, Defendant, and ROCKWOOD PARK JEWISH CENTER, Appellant. [710 NYS2d 382] —In an action to recover damages for personal injuries, the defendant Rockwood Park Jewish Center appeals from an order of the Supreme Court, Queens County (Schmidt,

J.), dated October 19, 1999, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

In 1998 the plaintiff tripped and fell as a result of a height differential of approximately seven-eighths of an inch between adjacent slabs in a walkway on the appellant's property.

Whether a dangerous or defective condition exists depends on the peculiar facts and circumstances of each case and is generally a question of fact for a jury (*see, Trincere v County of Suffolk,* 90 NY2d 976). However, a property owner may not be held liable in damages for " ' "trivial defects on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub his toes, or trip over a raised projection" ' " (*Marinaccio v LeChambord Rest.,* 246 AD2d 514). The photographs acknowledged by the plaintiff as accurately reflecting the condition of the walkway at the time of the accident support the conclusion that, as a matter of law, the alleged defect, which did not have any of the characteristics of a trap or nuisance, was too trivial to be actionable (*see, Trincere v County of Suffolk, supra; Marinaccio v LeChambord Rest., supra*). Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.