■ Maria Bellido, Respondent, v Ralph Mauro et al., Appellants. [713 NYS2d 70] —In an action to recover damages for personal injuries, the defendants appeal from (1) an interlocutory judgment of the Supreme Court, Kings County (Rappaport, J.), dated May 6, 1999, which, upon the denial of their motion for judgment as a matter of law, made at the close of the evidence, and upon a jury verdict on the issue of liability finding them 100% at fault in the happening of the accident, is in favor of the plaintiff and against them on the issue of liability, and (2) a judgment of the same court (Rosenberg, J.), entered September 7, 1999, which, upon a jury verdict on the issue of damages, is in favor of the plaintiff and against them in the principal sum of $25,000.

Ordered that the appeal from the interlocutory judgment is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion is granted, the interlocutory judgment is vacated, and the complaint is dismissed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the interlocutory judgment must be dismissed because the right of direct appeal therefrom terminated with the entry of the final judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the interlocutory judgment are brought up for review and have been considered on the appeal from the final judgment (*see,* CPLR 5501 [a] [1]).

The court should have granted the defendants' motion for a

judgment as a matter of law at the close of the evidence on the ground that the defect herein was trivial and not actionable as a matter of law. Scrutiny of the photographs identified by the plaintiff as accurately reflecting the condition of the slab and sidewalk at the time of her fall supports the conclusion that, as a matter of law, the alleged defect was too trivial to be actionable (*see, Trincere v County of Suffolk,* 90 NY2d 976, 977; *Riser v New York City Hous. Auth.,* 260 AD2d 564; *Marinaccio v LeChambord Rest.,* 246 AD2d 514, 515; *Lopez v New York City Hous. Auth.,* 245 AD2d 273, 274; *Guerrieri v Summa,* 193 AD2d 647).

In light of the foregoing, the defendants' remaining contentions need not be reached. O'Brien, J. P., Thompson, Sullivan and Altman, JJ., concur.