■ DIANE HARGROVE, Appellant, v BALTIC ESTATES et al., Respondents. [717 NYS2d 320] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Fredman, J.), entered February 15, 2000, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On the morning of March 22, 1996, the plaintiff was exiting the apartment building where she lived when she tripped over the front door saddle, which was 3/4 of an inch in height.

"[W]hether a dangerous or defective condition exists on the property of another so as to create liability 'depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury'" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [internal quotations omitted]; *Guerrieri v Summa*, 193 AD2d 647). However, a property owner may not be held liable in damages for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (*see, Neumann v Senior Citizens Ctr.*, 273 AD2d 452; *Marinaccio v LeChambord Rest.*, 246 AD2d 514; *Liebl v Metropolitan Jockey Club*, 10 AD2d 1006). In this case, the defendants made a prima facie showing, through the plaintiff's testimony and the photographs identified by her as accurately depicting the condition of the door saddle at the time of the accident, that the alleged defect did not constitute a trap or nuisance and was merely a trivial defect which was not actionable as a matter of law (*see, Liebl v Metropolitan Jockey Club, supra*). In opposition thereto, the plaintiff failed to raise a triable issue of fact. The unsigned and

unsworn purported "affidavit" of an engineering expert that the subject door saddle did not conform to "good, accepted and prevailing engineering requirements for safety" did not constitute evidence in admissible form (*see, Huntington Crescent Country Club v M&M Auto & Mar. Upholstery,* 256 AD2d 551). The plaintiff also failed to show that the door saddle violated a statute or code. Ritter, J. P., Thompson, Friedmann, H. Miller and Feuerstein, JJ., concur.