■ TOBY WASSERMAN et al., Appellants, v GENOVESE DRUG STORES, INC., Defendant, and CLEARSTORY & COMPANY, Respondent. [723 NYS2d 191] —In an action to recover damages for

personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated September 12, 2000, as granted that branch of the motion of the defendant Clearstory & Company which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Toby Wasserman was allegedly injured when she tripped and fell on a sidewalk at a shopping center. According to Mrs. Wasserman, she caught her foot on the edge of a hole between two sidewalk slabs. The Supreme Court concluded that the alleged defect was trivial and granted the motion of the defendant Clearstory & Company for summary judgment dismissing the complaint insofar as asserted against it.

The Supreme Court correctly determined that the alleged defect was trivial and not actionable as a matter of law. This conclusion is supported by the photographs taken by the plaintiff Sheldon Wasserman shortly after the accident and identified by Mrs. Wasserman as accurately depicting the area where she fell (see, Bellido v Mauro, 275 AD2d 434; Riser v New York City Hous. Auth., 260 AD2d 564), the dimensions and characteristics of the alleged defect, and the circumstances surrounding Mrs. Wasserman's fall (see, Iadarola v Meadows Plaza Dev. Corp., 271 AD2d 650; Palminteri v Massapequa Shopping Assocs., 264 AD2d 412; Lopez v New York City Hous. Auth., 245 AD2d 273).

In making its determination, the Supreme Court correctly disregarded the photographs submitted by the plaintiffs in opposition to the motion, as they were not properly authenticated (see, Saks v Yeshiva of Spring Val., 257 AD2d 615; Leven v Tallis Dept. Store, 178 AD2d 466). Further, the expert's affidavit submitted by the plaintiffs, which was based on an inspection conducted approximately three years after the accident, was insufficient to raise a triable issue of fact. Bracken, P. J., O'Brien, Goldstein and McGinity, JJ., concur.