■ GALINA DYNOV, Respondent, v 16TH AVENUE REALTY ASSOCIATES, LLC, Defendant and Third-Party Plaintiff-Appellant.

GENTLEMEN'S BOUTIQUE, Third-Party Defendant-Appellant. [738 NYS2d 614] —In an action to recover damages for personal injuries, the defendant third-party plaintiff and the third-party defendant appeal from an order of the Supreme Court, Kings County (Rappaport, J.), dated October 9, 2001, which denied the motion of the defendant third-party plaintiff, in which the third-party defendant joined, for summary judgment dismissing the complaint.

Ordered that the order is reversed, with one bill of costs, the motion is granted, and the complaint is dismissed.

The plaintiff allegedly was injured when she tripped over a slight height elevation between a steel door and its frame which was embedded in the sidewalk. The defendant third-party plaintiff made a motion, in which the third-party defendant joined, for summary judgment dismissing the complaint on the ground, inter alia, that the alleged defect was trivial and nonactionable. The Supreme Court, among other things, denied the motion, and we reverse.

The defendant established its prima facie entitlement to judgment as a matter of law. The plaintiff's testimony and the photographs she identified as accurately depicting the steel door over which she tripped establish that the alleged defect on the sidewalk did not constitute a trap or nuisance and was too trivial to be actionable as a matter of law (*see, Trincere v County of Suffolk,* 90 NY2d 976, 977; *Hargrove v Baltic Estates,* 278 AD2d 278; *Neumann v Senior Citizens Ctr.,* 273 AD2d 452; *Sanna v Wal-Mart Stores,* 271 AD2d 595; *Guerrieri v Summa,* 193 AD2d 647). In opposition thereto, the plaintiff failed to raise a triable issue of fact. Prudenti, P.J., Florio, S. Miller, Friedmann and Adams, JJ., concur.