■ MARY CICERO, Appellant, v SELDEN ASSOCIATES, Defendant, and FLEET BANK, Respondent. [743 NYS2d 551] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), entered December 21, 2001, which granted the motion of the defendant Fleet Bank for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when she tripped and fell over a sewer cap embedded in a parking lot owned by the defendant Fleet Bank. Photographs taken 18 days after the plaintiff's fall revealed a clearly visible disc measuring over two feet in diameter situated out in the open and slightly elevated from the surface of the parking lot. The plaintiff testified at her deposition that she observed the sewer cap before she fell.

The defendant Fleet Bank established its prima facie entitlement to judgment as a matter of law by submitting the complete transcript of the plaintiff's deposition testimony together with photographs authenticated by the affidavit of the photographer and identified by the plaintiff as accurately reflecting the condition of the parking lot at the time of her fall (*see Zuckerman v City of New York,* 49 NY2d 557). Consideration of the dimensions and appearance of the alleged defect and the circumstances of the plaintiff's injury (*see Trincere v County of Suffolk,* 90 NY2d 976), together with scrutiny of the photographs "supports the Supreme Court's conclusion that, as a matter of law, the alleged defect, which did not have any of the characteristics of a trap or snare, was too trivial to be actionable" (*Riser v New York City Hous. Auth.,* 260 AD2d 564; *see Neumann v Senior Citizens Ctr.,* 273 AD2d 452; *Marinaccio v LeChambord Rest.,* 246 AD2d 514).

The plaintiff failed to raise an issue of fact with the affidavit of her expert. The expert did not identify any specific industry standard upon which he relied (*see Speirs v Dick's Clothing & Sporting Goods,* 268 AD2d 581), nor did he show that the sewer cap violated a statute or code (*see Hargrove v Baltic Estates,* 278 AD2d 278). The affidavit did not contain sufficient allegations to demonstrate that the expert's conclusions were more than mere speculation (*see Romano v Stanley,* 90 NY2d 444). Santucci, J.P., Krausman, Goldstein and Townes, JJ., concur.