■ FRANCESCO RAMETTA, Appellant-Respondent, v COUNTY OF NASSAU et al., Defendants, ANTHONY DEVITO et al., Respondents-Appellants, and D & D DELI, Respondent. (And a Third-Party Action.) [745 NYS2d 552] —In an action to recover damages for personal injuries, (1) the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated January 22, 2001, as, upon renewal, granted that branch of the motion of the defendant D & D Deli which was for summary judgment dismissing the complaint insofar as asserted against it, and the defendants Anthony DeVito and Josephine DeVito cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their cross motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and (2) the defendants Anthony DeVito and Josephine DeVito separately appeal, as limited by their brief, from so much of an order of the same court, entered June 20, 2001, as, in effect, upon reargument, denied their motion for summary judgment against the defendant D & D Deli on their cross claim for indemnification.

Ordered that the order dated January 22, 2001, is modified, on the law, by deleting the provision thereof denying the cross motion of the defendants Anthony DeVito and Josephine DeVito for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and substituting therefor a provision granting the cross motion; as so modified, the order dated January 22, 2001, is affirmed insofar as appealed and cross-appealed from, the complaint and all cross claims are dismissed insofar as asserted against the defendants Anthony DeVito and Josephine DeVito, and the action against the remaining defendant is severed; and it is further,

Ordered that the separate appeal by the defendants Anthony DeVito and Josephine DeVito from the order entered June 20, 2001, is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the defendants Anthony DeVito, Josephine DeVito, and D & D Deli.

The plaintiff allegedly was injured when he tripped over a raised asphalt patch in a public roadway owned and maintained by the defendant County of Nassau, adjacent to the curb cut in front of the premises owned by the defendants Anthony DeVito and Josephine DeVito and leased to the defendant D & D Deli. D & D Deli and the DeVitos moved and cross-moved, respectively, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court properly granted D & D's motion and improperly denied the DeVitos' cross motion.

The plaintiff's testimony, and the photographs which he identified as accurately depicting the raised asphalt patch over which he tripped, establish that the alleged defect in the roadway did not constitute a trap or nuisance and was too trivial to be actionable as a matter of law (*see Trincere v County of Suffolk,* 90 NY2d 976; *Dynov v 16th Ave. Realty Assoc.,* 292 AD2d 335; *Nathan v City of New Rochelle,* 282 AD2d 585; *Hargrove v Baltic Estates,* 278 AD2d 278; *Bellido v Mauro,* 275 AD2d 434; *Neumann v Senior Citizens Ctr.,* 273 AD2d 452; *Sanna v Wal-Mart Stores,* 271 AD2d 595). Accordingly, D & D Deli and the DeVitos were entitled to summary judgment. Ritter, J.P., O'Brien, Krausman and Adams, JJ., concur.