■ LORNA CRUZ, Appellant, v DENO'S WONDER WHEEL PARK et al., Respondents. [747 NYS2d 242]

The defendants' motion for summary judgment was properly granted. On June 20, 1997, the plaintiff was injured when she allegedly tripped and fell on uneven pavement while walking on the grounds of the defendant Deno's Wonder Wheel Park (hereinafter Deno's). Photographs taken by the plaintiff on the day of the incident reveal a readily apparent, but shallow, depression in the pavement which, according to the general manager of Deno's, measured one-eighth to one-fourth inch in depth. After considering the dimensions and appearance of the alleged defect along with the relevant circumstances of the injury (*see Trincere v County of Suffolk,* 90 NY2d 976, 978), the Supreme Court determined that the defect was open and apparent, possessed none of the characteristics of a trap or snare, and was too trivial to be actionable. We agree that the defendants established their prima facie entitlement to judgment as a matter of law (*see Trincere v County of Suffolk, supra* at 977-978; *Hargrove v Baltic Estates,* 278 AD2d 278; *Neumann v Senior Citizens Ctr.,* 273 AD2d 452, 453; *Marinaccio v LeChambord Rest.,* 246 AD2d 514, 515).

The affidavit of the plaintiff's expert failed to raise a triable issue of fact. The plaintiff's expert did not reveal when he performed his on-site inspection, did not compare the results of the inspection with the photographs he reviewed, and did not state that the condition of the alleged defect at the time of his inspection was the same as at the time of the accident (*see Santiago v United Artists Communications,* 263 AD2d 407). Smith, J.P., O'Brien, McGinity and Townes, JJ., concur.