■ RAFAEL TORRES, Respondent, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [752 NYS2d 72] —In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated September 10, 2001, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the appellant is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff brought the instant action against, inter alia, the defendant New York City Transit Authority (hereinafter the NYCTA) to recover damages for personal injuries allegedly sustained when he slipped and fell while walking down a stairway in the Borough Hall subway station in Brooklyn. The NYCTA moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that the alleged defect was too trivial to be actionable. The Supreme Court denied the motion. We reverse.

After examining the facts presented with respect to the alleged defect on the stair on which the plaintiff slipped and fell, including the irregularity and appearance of the defect along with the "time, place and circumstance" of the injury, we agree with the NYCTA that the alleged defect was too trivial to be actionable as a matter of law (*Trincere v County of Suffolk,* 90

NY2d 976, 977-978; *see Dynov v 16th Ave. Realty Assoc.,* 292 AD2d 335; *Cicero v Selden Assoc.,* 295 AD2d 391; *Rametta v County of Nassau,* 296 AD2d 485). Further, contrary to the Supreme Court's conclusion, the plaintiff failed to raise a triable issue of fact with respect to whether the alleged defect constituted a trap or a nuisance (*see Dynov v 16th Ave. Realty Assoc., supra; cf. Wolcott v Forgnone,* 277 AD2d 1039).

In light of this result, we need not address the NYCTA's remaining contention. O'Brien, J.P., Friedmann, H. Miller and Cozier, JJ., concur.