■ RACHEL DiNAPOLI et al., Appellants, v HUNTINGTON HOSPITAL, Respondent. [755 NYS2d 655] —In an action to recover

damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Oliver, J.), entered January 7, 2002, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Rachel DiNapoli fell while walking on a visibly worn-out footpath located next to a slightly elevated, brightly-painted curb. The defendant established its entitlement to summary judgment by submitting photographs acknowledged by the plaintiffs as accurately reflecting the condition of the footpath and the curb at the time of the accident. These photographs indicated that the alleged defect, if any, which did not have any of the characteristics of a trap or nuisance, was too trivial to be actionable (see Wasserman v Genovese Drug Stores, 282 AD2d 447 [2001]; Hargrove v Baltic Estates, 278 AD2d 278 [2000]; Neumann v Senior Citizens Ctr., 273 AD2d 452 [2000]; Riser v New York City Hous. Auth., 260 AD2d 564 [1999]). In opposition, the plaintiffs failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557 [1980]). Therefore, summary judgment was properly granted in favor of the defendant. Altman, J.P., S. Miller, Friedmann and McGinity, JJ., concur.