■ SUSAN TALLIS et al., Appellants, v FLEET BANK et al., Respondents. [761 NYS2d 287] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Golar, J.), dated July 11, 2002, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendants established their entitlement to judgment as a matter of law by demonstrating that the alleged defect in the parking lot where the accident occurred was trivial in nature and not actionable (*see Trincere v County of Suffolk,* 90 NY2d 976, 977 [1997]; *DiNapoli v Huntington Hosp.,* 303 AD2d 359 [2003]; *Hargrove v Baltic Estates,* 278 AD2d 278 [2000]). In response, the plaintiffs failed to raise a triable issue of fact

regarding the alleged defect (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). There was nothing depicted in the plaintiffs' photographs of the site of the accident which raises a triable issue of fact whether the condition constituted a trap or nuisance (*see Torres v City of New York,* 300 AD2d 391, 392 [2002]; *Dynov v 16th Ave. Realty Assoc.,* 292 AD2d 335, 336 [2002]). Further, the affidavit of the plaintiffs' expert was insufficient to raise a triable issue of fact as it failed to indicate the dimensions of the alleged depression and did not state when the expert inspected the site (*see Cruz v Deno's Wonder Wheel Park,* 297 AD2d 653 [2002]; *Wasserman v Genovese Drug Stores,* 282 AD2d 447, 448 [2001]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Feuerstein, J.P., S. Miller, McGinity and Crane, JJ., concur.