■ CHRISTIE REILLY, Respondent, v JAMES A. DEVER SCHOOL, Defendant, and VALLEY STREAM UNION FREE SCHOOL DISTRICT #13, Appellant. [763 NYS2d 488] —In an action to recover damages for personal injuries, the defendant Valley Stream Union Free School District Thirteen, sued herein as Valley Stream Union Free School District #13, appeals from an order of the Supreme Court, Nassau County (Dunne, J.), dated December 13, 2002, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiff allegedly was injured when she tripped over a water sprinkler head in the grass on the lawn at the Wheeler Avenue School in Valley Stream. The Supreme Court improperly denied summary judgment to the defendant Valley Stream Union Free School District Thirteen, sued herein as Valley Stream Union Free School District #13 (hereinafter the defendant). The plaintiff's testimony, the photographs which she identified as accurately depicting the sprinkler head over which she tripped, and the place and circumstances of the alleged injury, established that the sprinkler head "did not constitute a trap or nuisance and was too trivial to be actionable as a matter of law" (*Rametta v County of Nassau,* 296 AD2d 485, 486 [2002]; *see Trincere v County of Suffolk,* 90 NY2d 976 [1997]; *Hymanson v A.L.L. Assoc.,* 300 AD2d 358, 359 [2002]; *Dynov v 16th Ave. Realty Assoc.,* 292 AD2d 335 [2002]; *Neumann v Senior Citizens Ctr.,* 273 AD2d 452 [2000]). In opposition to the defendant's prima facie case for summary judgment, the plaintiff failed to raise a triable issue of fact.

Accordingly, the defendant was entitled to summary judgment (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Santucci, J.P., McGinity, Townes and Mastro, JJ., concur.