■ Donna Kosarin et al., Appellants, v W & S Associates, LP, et al., Respondents, et al., Defendants. (And a Third-Party Action.) [774 NYS2d 420]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Joseph, J.), entered January 23, 2003, which granted the separate motions of the defendants W & S Associates, LP, and J.D. Posilico, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

On November 27, 1999, the plaintiff Donna Kosarin (hereinafter the plaintiff) allegedly was injured in a parking garage owned by the defendant W & S Associates, LP (hereinafter W & S), when she tripped and fell on a depression in the pavement. Photographs authenticated by the plaintiff at her deposition depict a visible but shallow depression in an area close to the edge of the garage and exposed to natural light. After considering the appearance of the alleged defect and the other relevant circum-

stances of the injury (*see Trincere v County of Suffolk,* 90 NY2d 976, 978 [1997]), we find that a prima facie showing was made that the defect was too trivial to be actionable and therefore, not inherently dangerous as a matter of law (*see Reilly v James A. Dever School,* 307 AD2d 992 [2003]; *Cruz v Deno's Wonder Wheel Park,* 297 AD2d 653 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defect, while small, presented any of the attributes of a snare or trap by reason of its location, adverse weather or lighting conditions, or other relevant circumstances. Notably, the plaintiff had very little recollection of how the accident occurred, and no memory whatsoever of the prevailing lighting or weather conditions at the time. Under these circumstances, the Supreme Court properly granted summary judgment in favor of W & S and the defendant J.D. Posilico, Inc., the subcontractor that had paved the garage several years before the occurrence (*see Reilly v James A. Dever School, supra; Gaud v Markham,* 307 AD2d 845, 845-846 [2003]; *Tallis v Fleet Bank,* 306 AD2d 400, 401 [2003], *lv denied* 1 NY3d 508 [ 2004]).

In light of our determination, we need not address the parties' remaining contentions. Smith, J.P., Luciano, Adams and Rivera, JJ., concur.