■ EMILY HAGOOD, Respondent, v CITY OF NEW YORK, Respondent-Appellant, and AGNES PERSAD, Appellant-Respondent. [785 NYS2d 924]—

In an action to recover damages for personal injuries, the defendant Agnes Persad appeals from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated October 17, 2003, as denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her, and the defendant City of New York cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs, payable by the plaintiff-respondent to the defendants, the motion and the cross motion are granted, and the complaint and all cross claims are dismissed.

The issue of whether a dangerous or defective condition exists depends on the particular facts and circumstances of each case, and is generally a question of fact for the jury (*see Trincere v County of Suffolk,* 90 NY2d 976, 977 [1997]). However, not every case of injury allegedly caused by a sidewalk defect needs to be submitted to a jury. A trivial defect on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub toes, or trip on a raised projection, may not be actionable (*see Riser v New York City Hous. Auth.,* 260 AD2d 564 [1999]).

The defendants met their respective prima facie burdens of proving that the alleged defect upon which the plaintiff tripped

and fell was too trivial to be actionable (*see Wasserman v Genovese Drug Stores,* 282 AD2d 447, 448 [2001]; *Riser v New York City Hous. Auth., supra; Lopez v New York City Hous. Auth.,* 245 AD2d 273, 274 [1997]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]).

Accordingly, the motion and the cross motion should have been granted. Smith, J.P., Luciano, Crane and Rivera, JJ., concur.