■ DEBORAH MURRAY, Respondent, v CITY OF NEW YORK, Respondent, and NEW YORK CITY HOUSING AUTHORITY, Appellant. [790 NYS2d 696]—

In an action to recover damages for personal injuries, the defendant New York City Housing Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered October 7, 2003, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint and all cross claims are dismissed insofar as asserted against the defendant New York City Housing Authority.

The plaintiff tripped and fell on a part of a sidewalk where there was a one-half inch difference in height between the pavement at approximately 1:30 P.M. in broad daylight on November 30, 1999, at Pomonok Houses in Queens. She commenced this

action against the City of New York and the New York City Housing Authority (hereinafter the NYCHA) to recover damages for injuries due to their negligence in maintaining the sidewalk. Both defendants moved for summary judgment. The Supreme Court granted the city's motion, finding that the incident did not occur on the city's property, and denied the motion of the NYCHA, finding that a triable issue of fact existed as to whether the elevation between the sidewalk flags was trivial. The NYCHA appeals from so much of the order as denied its motion.

"Not every injury allegedly caused by an elevated brick or slab need be submitted to a jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]). After considering the width, depth, elevation, irregularity, and appearance of the defect, as well as the time, place, and circumstances surrounding the plaintiff's fall, we conclude that the defect was too trivial to be actionable (*id.; Riser v New York City Hous. Auth.*, 260 AD2d 564 [1999]).

Thus, the Supreme Court erred in denying the motion of NYCHA for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Goldstein, J.P., Luciano, Crane and Spolzino, JJ., concur.