■ SYLVIA FRANCES CHILLEMI, Appellant, v NATIONAL BIRCH-WOOD CORP. et al., Respondents. [792 NYS2d 551]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated August 14, 2003, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when she tripped and fell on a small, concrete step in front of a model home in a condominium complex owned by the defendants. She alleged that a defect existed because the step's edge was chipped, and the shadow cast from the roof line on the step/walkway area created the illusion that the step and walkway were one level.

Although the issue of whether a dangerous or defective condition exists on property is generally one for the trier of fact, some defects are too trivial to be actionable, and thus present no issue of fact (*see Trincere v County of Suffolk,* 90 NY2d 976 [1997]; *Riser v New York City Hous. Auth.,* 260 AD2d 564 [1999]). Considering all the facts and circumstances of this case, including a review of the photographs of the step/walkway area

where the plaintiff fell, the Supreme Court properly concluded that, as a matter of law, the alleged defect, which had no characteristics of a trap or snare, was too trivial to be actionable (*see Trincere v County of Suffolk, supra; Riser v New York City Hous. Auth., supra*).

The plaintiff's remaining contention is without merit. Adams, J.P., Santucci, Goldstein and Crane, JJ., concur.