■ MARINA MENDEZ, Appellant, et al., Plaintiff, v CHARLES DE MILO et al., Respondents. [792 NYS2d 600]—

In an action to recover damages for personal injuries, etc., the plaintiff Marina Mendez appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered November 17, 2003, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Marina Mendez allegedly was injured when she tripped and fell after stepping into a depression in a parking lot owned and operated by the defendants. She and her husband, John Mendez, commenced this action to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint and the Supreme Court granted the motion. We affirm.

Although the issue of whether a dangerous condition exists is generally a question for the jury, courts may grant summary judgment when the defect is trivial (see Hargrove v Baltic Estates, 278 AD2d 278, 278 [2000]; Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]). Courts may find a defect trivial upon an examination of all the facts, "including the width, depth, elevation, irregularity, and appearance of the defect, along with the time, place, and circumstances of the injury" (Corrado v City of New York, 6 AD3d 380, 380 [2004]).

After considering the appearance of the alleged defect and the other relevant circumstances of the accident, we find that a prima facie showing was made that the defect was too trivial to be actionable (see Kosarin v W & S Assoc., LP, 6 AD3d 503 [2004]; Hymanson v A.L.L. Assoc., 300 AD2d 358 [2002]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the depression possessed any of the attributes of a trap or snare (see Cicero v Selden Assoc., 295 AD2d 391 [2002]; Riser v New York City Hous. Auth., 260 AD2d 564 [1999]).

In view of our determination, the plaintiffs' remaining contention that the depression was not "open and obvious" need not be reached (see Morris v Greenburgh Cent. School Dist. No. 7, 5 AD3d 567 [2004]; cf. Cupo v Karfunkel, 1 AD3d 48, 52 [2003]; Tulovic v Chase Manhattan Bank, 309 AD2d 923, 925 [2003]). Florio, J.P., H. Miller, Cozier and S. Miller, JJ., concur.