■ JANE M. TAUSSIG et al., Appellants, v LUXURY CARS OF SMITHTOWN, INC., Doing Business as LEXUS OF SMITHTOWN, et al., Respondents. [818 NYS2d 593]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Winslow, J.), dated July 20, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On August 22, 2003, at around 1:00 or 2:00 P.M., the injured plaintiff (hereinafter the plaintiff) allegedly tripped and fell on a rubber strip that separates the inside tile floor of the service drop-off area from the outside cement apron at the defendants' automobile dealership. At her deposition, the plaintiff testified that, as she was walking to her car, on a "beautiful" day, she was looking straight ahead into the parking lot when she tripped and fell over the rubber strip that was at the exit of the enclosed service drop off area. The plaintiff had not noticed the rubber strip either of the two times she walked over it that day prior to her accident and only became aware of it after she fell. While there was no evidence submitted regarding the actual height differential between the rubber strip and the tile floor, the plaintiff speculated that the rubber strip was between one half to three quarters of an inch above the tile floor.

Generally, the issue of whether a dangerous or defective condition exists depends on the particular facts of each case, and is properly a question of fact for the jury (*see Trincere v County of Suffolk*, 90 NY2d 976 [1997]; *Mendez v De Milo*, 17 AD3d 328 [2005]; *Chillemi v National Birchwood Corp.*, 16 AD3d 612 [2005]; *Corrado v City of New York*, 6 AD3d 380 [2004]; *Sanna v Wal-Mart Stores*, 271 AD2d 595 [2000]; *Riser v New York City Hous. Auth.*, 260 AD2d 564 [1999]). However, a property owner may not be held liable for trivial defects, not constituting a trap or a nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (*see Hagood v City of New York*, 13

AD3d 413 [2004]; *Hargrove v Baltic Estates,* 278 AD2d 278 [2000]). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the 'time, place, and circumstance' of the injury" (*Trincere v County of Suffolk, supra* at 978, quoting *Caldwell v Village of Is. Park,* 304 NY 268, 274 [1952]; *see Mendez v De Milo, supra; Murray v City of New York,* 15 AD3d 636 [2005]; *Velez v Institute of Design & Constr., Inc.,* 11 AD3d 453 [2004]; *Kosarin v W & S Assoc.,* 6 AD3d 503, 504 [2004]).

Here, upon scrutiny of the photographs authenticated by the plaintiff and the defendants' witness at their respective depositions, and considering the appearance of the alleged defect and the other relevant circumstances of the accident, a prima facie showing was made that the alleged defect was too trivial to be actionable (*see Trincere v County of Suffolk, supra; Mendez v De Milo, supra; Chillemi v National Birchwood Corp., supra; Hargrove v Baltic Estates, supra*). In opposition to the defendants' motion for summary judgment, the plaintiffs failed to raise an issue of fact.

The plaintiffs' remaining contentions are without merit. Schmidt, J.P., Santucci, Luciano and Covello, JJ., concur.