SECOND DEPARTMENT, OCTOBER, 2006

(October 3, 2006)

■ GISELE AMBROISE, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [826 NYS2d 261]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Kings County (Partnow, J.), dated April 15, 2005, as denied that branch of its cross motion which was for summary judgment dismissing the complaint, and (2) so much of an order of the same court dated November 18, 2005, as denied its cross motion for leave to renew its prior cross motion for summary judgment and granted the plaintiff's motion for leave to renew, and thereupon granted that branch of the plaintiff's prior motion which was to compel discovery to the extent of requiring the defendant to submit affidavits from two employees.

Ordered that the order dated April 15, 2005 is reversed insofar as appealed from, on the law, and that branch of the defendant's cross motion which was for summary judgment dismissing the complaint is granted; and it is further,

Ordered that the appeal from so much of the order dated November 18, 2005, as denied the defendant's cross motion for leave to renew is dismissed as academic in light of our determination on the appeal from the order dated April 15, 2005; and it is further,

Ordered that the order dated November 18, 2005 is reversed insofar as reviewed, on the law, and the plaintiff's motion for leave to renew is denied as academic; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The issue of whether a dangerous or defective condition exists on property depends on the particular facts of each case, and generally presents a question of fact for the jury (*see Trincere v County of Suffolk,* 90 NY2d 976, 977 [1997]; *Taussig v Luxury Cars of Smithtown, Inc.,* 31 AD3d 533 [2006]; *Hagood v City of New York,* 13 AD3d 413 [2004]). However, a property owner may not be held liable for trivial defects, not constituting a trap or a nuisance, over which a person might merely stumble, stub his or her toes, or trip (*see Taussig v Luxury Cars of Smithtown, Inc., supra; Hagood v City of New York, supra*). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the 'time, place, and circumstance' of the injury" (*Trincere v County of Suffolk, supra* at 978, quoting *Caldwell v Village of Is. Park,* 304 NY 268, 274 [1952]).

In support of its cross motion for summary judgment, the defendant submitted evidence including photographs of the slightly raised area of concrete which allegedly caused the plaintiff's accident, and the plaintiff's deposition testimony describing the defect. Considering the appearance of the defect, which did not have any of the characteristics of a trap or snare, and the other relevant circumstances of the accident, the defendant's submissions were sufficient to make a prima facie showing that the alleged defect was too trivial to be actionable (*see Taussig v Luxury Cars of Smithtown, Inc., supra; Bekritsky v TACS-4, Inc.,* 27 AD3d 680 [2006]; *Trampakoulous v Independent Coach Bus Co.,* 18 AD3d 739 [2005]; *Chillemi v National Birchwood Corp.,* 16 AD3d 612 [2005]; *Murray v City of New York,* 15 AD3d 636 [2005]; *Torres v City of New York,* 300 AD2d 391 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Taussig v Luxury Cars of Smithtown, Inc., supra; Bekritsky v TACS-4, Inc., supra*). Accordingly, the Supreme Court should have granted the defendant's cross motion for summary judgment dismissing the complaint.

The parties' remaining contentions have either been rendered academic or need not be reached in light of our determination. Florio, J.P., Krausman, Luciano and Skelos, JJ., concur.