■ YARDENA SHOHET et al., Appellants, v YOUSSEF SHAAYA, Respondent. (And a Third-Party Action.) [844 NYS2d 317]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Kramer, J.), dated May 19, 2006, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Yardena Shohet (hereinafter the plaintiff) allegedly sustained personal injuries when she tripped and fell on an area of the defendant's driveway. At her deposition, the plaintiff testified that the accident occurred on the "edge" of the street. She stated that the cause of her accident was that "the earth . . . was not good" and the "place is wrong." She later indicated that there was "[l]ike a hole." The plaintiff circled on a photograph the location where she allegedly fell.

The Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. The defendant met his burden of establishing, prima facie, his entitlement to such relief (see generally *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Upon scrutiny of the photograph circled by the plaintiff and the other evidence in the record, we agree with the Supreme Court that the alleged defect did not constitute a trap or nuisance and was merely a trivial defect which was not actionable as a matter of law (see *Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]; *Outlaw v Citibank, N.A.*, 35 AD3d 564, 565 [2006]; *Taussig v Luxury Cars of Smithtown, Inc.*, 31 AD3d 533, 534 [2006]; *D'Arco v Pagano*, 21 AD3d 1050, 1051 [2005]; *Mendez v De Milo*, 17 AD3d 328 [2005]; *Hargrove v Baltic Estates*, 278 AD2d 278 [2000]). In opposition, the plaintiffs failed to raise a triable issue of fact (see *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Rivera, J.P., Florio, Fisher and Dillon, JJ., concur.