■ ANGEL AYALA et al., Respondents, v BORIS GUTIN, Appellant. [853 NYS2d 665]—

The plaintiffs commenced this action to recover damages allegedly arising from a trip and fall over a dangerous and defective door saddle. The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion. We affirm.

Generally, the issue of whether a dangerous or defective condition exists depends on the particular facts of each case, and is properly a question of fact for the jury (*see Trincere v County of Suffolk,* 90 NY2d 976 [1997]; *Taussig v Luxury Cars of Smithtown, Inc.,* 31 AD3d 533 [2006]). However, a property owner may not be held liable for trivial defects, not constituting a trap or a nuisance, over which a person might merely stumble, stub his or her toes, or trip (*see Taussig v Luxury Cars of Smithtown, Inc.,* 31 AD3d 533 [2006]). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place, and circumstance of the injury" (*Trincere v County of Suffolk,* 90 NY2d 976, 978 [1997]; *see Taussig v Luxury Cars of Smithtown, Inc.,* 31 AD3d 533 [2006]). Here, in support of his motion, the defendant made a prima facie showing that the alleged dangerous and defective condition of the saddle was too trivial to be

actionable (*see Trincere v County of Suffolk*, 90 NY2d 976, 978 [1997]; *see also Taussig v Luxury Cars of Smithtown, Inc.*, 31 AD3d 533 [2006]). However, in opposition, the plaintiffs raised triable issues of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Thus, the motion was properly denied. Spolzino, J.P., Ritter, Dillon, Balkin and Leventhal, JJ., concur.