■ LILLIAN BERNSTEIN, Appellant, v PARTHENON ENTERPRISES, INC., et al., Respondents. [874 NYS2d 817]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Murphy, J.), dated December 31, 2007, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered June 25, 2008, which, upon the order, is in favor of the defendants and against her dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the defendants' motion for summary judgment is denied, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The defendants made a prima facie showing of entitlement to judgment as a matter of law by showing that the alleged defect was trivial and nonactionable and did not possess the characteristics of a trap or nuisance (see Trincere v County of Suffolk, 90 NY2d 976 [1997]; Shiles v Carillon Nursing & Rehabilitation

*Ctr., LLC*, 54 AD3d 746 [2008]; *Morris v Greenburgh Cent. School Dist. No. 7*, 5 AD3d 567 [2004]). However, in opposition, the plaintiff raised a triable issue of fact, inter alia, as to the height differential of the alleged defect and whether the alleged defect was trivial (*see Ayala v Gutin*, 49 AD3d 677 [2008]). Rivera, J.P., Spolzino, Ritter and Miller, JJ., concur.