■ CYNTHIA CRUZ, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [879 NYS2d 483]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated January 31, 2008, which denied, as untimely, its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

"A motion on notice is made when a notice of the motion . . . is served" (CPLR 2211; see Rivera v Glen Oaks Vil. Owners, Inc., 29 AD3d 560 [2006]; Russo v Eveco Dev. Corp., 256 AD2d 566 [1998]). In accordance with this rule, the defendant's motion for summary judgment was made on June 29, 2007 when the motion was served, by mail, on the attorney for the plaintiff, and thus was timely (see CPLR 2103 [b] [2]; 3212; Rivera v Glen Oaks Vil. Owners, Inc., 29 AD3d 560 [2006]). As to the merits, the defendant submitted evidence sufficient to establish, prima facie, that the height differential between the bathroom door saddle over which the plaintiff allegedly tripped and the adjacent floor was slight and trivial and, therefore, not actionable (see Trincere v County of Suffolk, 90 NY2d 976 [1997]; Shiles v Carillon Nursing & Rehabilitation Ctr., LLC, 54 AD3d 746 [2008]; Ayala v Gutin, 49 AD3d 677 [2008]; Hargrove v Baltic Estates, 278 AD2d 278 [2000]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. Contrary to the contention of the plaintiff's expert, the Administrative Code of the City of New York § 27-371 (h) does not apply to this case since the bathroom door saddle at issue merely separated two interior spaces within the plaintiff's apartment (see Administrative Code of City of NY § 27-232). Mastro, J.P., Dillon, Leventhal and Chambers, JJ., concur.