SunTrust Bank v Morris (2019 NY Slip Op 01248)





SunTrust Bank v Morris


2019 NY Slip Op 01248


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2016-05850
 (Index No. 7401/09)

[*1]SunTrust Bank, appellant, 
v
Frank Morris, respondent, et al., defendants.


Akerman LLP, New York, NY (Kathleen R. Fitzpatrick of counsel), for appellant.
Abraham Hoschander, Brooklyn, NY (Avi Rosenfeld of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Laura L. Jacobson, J.), dated January 5, 2016. The order denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Frank Morris, for an order of reference, and for summary judgment dismissing the counterclaims of the defendant Frank Morris, and granted the cross motion of the defendant Frank Morris, in effect, for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Frank Morris, for an order of reference, and for summary judgment dismissing the counterclaims of the defendant Frank Morris is granted, and the cross motion of the defendant Frank Morris, in effect, for summary judgment dismissing the complaint insofar as asserted against him is denied.
The plaintiff commenced this action to foreclose a mortgage executed by the defendant Frank Morris (hereinafter the defendant) encumbering certain real property. The defendant asserted as affirmative defenses, inter alia, lack of standing and failure to serve a notice of default as required by paragraph 22 of the mortgage. The plaintiff moved for summary judgment on the complaint insofar as asserted against the defendant, for an order of reference, and for summary judgment dismissing the defendant's counterclaims. The defendant cross-moved, in effect, for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. The plaintiff appeals.
On its motion for summary judgment, the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting the note, the mortgage, evidence of the defendant's default, evidence that it was in possession of the note at the time the action was commenced, and evidence that a notice of default required by paragraph 22 of the mortgage was served upon the defendant at an address other than the subject property, which the plaintiff asserted was the "designated notice address" for service of that notice pursuant to the terms of the mortgage (see Bank of N.Y. Mellon Trust Co. v McCall, 116 AD3d 993, 993).
In opposition, and in support of his cross motion, the defendant submitted an affidavit that was unsigned by him and not in admissible form (see Traders Co. v AST Sportswear, Inc., 31 [*2]AD3d 276; Hargrove v Baltic Estates, 278 AD2d 278). The documentary evidence submitted, indicating that the defendant lived at the subject property prior to the commencement of the action, was insufficient to raise a triable issue of fact as to whether the subject property was in fact the "designated notice address." The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court should have granted the plaintiff's motion and denied the defendant's cross motion.
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court