■ JOSEPH P. ROMANO, Respondent, v WESTBURY PROPERTY INVESTMENT COMPANY, Appellant. [658 NYS2d 101] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County

(Feuerstein, J.), dated June 27, 1996, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant contends that the Supreme Court erred in denying its motion for summary judgment because there is no evidence of the precise defect which caused the plaintiff's accident. We disagree. The plaintiff's deposition testimony discloses that he was walking in a parking lot owned by the defendant when his foot became "caught" or "jammed" in the ground. Although the plaintiff stated that there was not a "deep hole" in the spot where his foot became jammed, he explained that the asphalt was "all broken up", and that loose chunks of asphalt were lying on the ground. Moreover, according to the deposition testimony of the plaintiff's wife, the plaintiff's foot was "right in" a ditch after his fall. Contrary to the defendant's contention, this evidence is sufficient to describe the particular defect which allegedly caused the plaintiff's fall, and to raise an issue of fact as to whether the defect was a proximate cause of the plaintiff's injuries (see, Farrar v Teicholz, 173 AD2d 674).

We further find that the evidence submitted in opposition to the defendant's motion for summary judgment, which included portions of the examination before trial testimony of a security guard employed by the defendant, and photographs of the accident site, reveal issues of fact as to whether the defendant had either actual or constructive notice of the particular defect which caused the plaintiff's fall (see, Gordon v American Museum of Natural History, 67 NY2d 836; Batton v Elghanayan, 43 NY2d 898; Farrar v Teicholz, supra; Davis v County of Nassau, 166 AD2d 498).

The defendant's remaining claim is without merit. Bracken, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.