■ JIMMY L. GREEN et al., Respondents, v CENTRAL ISLAND NURSING HOME, INC., Doing Business as CENTRAL ISLAND NURSING HOME, INC., et al., Appellants. [701 NYS2d 669] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Carter, J.), entered December 3, 1998, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Whether a dangerous or defective condition exists on real property as to create liability " 'depends on the peculiar facts and circumstances of each case' and is generally a question of fact for the jury" (*Guerrieri v Summa,* 193 AD2d 647; *Trincere v County of Suffolk,* 90 NY2d 976). After the defendants made out a prima facie case for summary judgment, the plaintiffs adduced sufficient evidence to raise issues of fact as to whether the alleged defect in the pavement was a proximate cause of the accident in which the plaintiff Jimmy L. Green was injured (*see, Romano v Westbury Prop. Inv. Co.,* 240 AD2d 388; *Baquero v Youngs Mem. Cemetery,* 248 AD2d 497). There are also questions as to whether the defendants had actual or constructive notice of the alleged defect (*see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Romano v Westbury Prop. Inv. Co.,* 240 AD2d 388, *supra*; *Katsoris v Waldbaum, Inc.,* 241 AD2d 511), and whether the alleged defect was trivial (*see, Trincere v County of Suffolk, supra*).

We reject the plaintiffs' contention that the imposition of sanctions is warranted (*see,* 22 NYCRR 130-1.1). Bracken, J. P., Thompson, Sullivan and Krausman, JJ., concur.