■ Lorraine Sanna et al., Respondents, v Wal-Mart Stores, Inc., Appellant. [706 NYS2d 156] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 11, 1999, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The issue of whether a dangerous or defective condition exists on the property of another depends on the peculiar circumstances of each case and generally presents a question of fact for the jury (*see, Guerrieri v Summa,* 193 AD2d 647). Moreover, while injuries resulting from trivial defects are generally not actionable (*see, Hecht v City of New York,* 89 AD2d 524), in determining the issue of triviality one must examine all the facts presented, including the width, depth, elevation, irregularity, and appearance of the defect along with the time, place, and circumstances of the injury (*see, Trincere v County of Suffolk,* 90 NY2d 976).

In this case, the appellant established a prima facie case for judgment as a matter of law. The plaintiffs, however, raised a triable issue of fact as to whether an area of missing carpet, allegedly one-half inch lower than the surrounding carpeted floor, which was similar in color to the adjacent carpeted area and located in a dimly-lit cart corral of the defendant's retail store, presented a trap for the unwary. These same factors preclude a determination, as a matter of law, that the alleged defect was readily observable by the reasonable use of the injured

plaintiff's senses so as to obviate the need for a warning (*see, Kinfe v Port Auth.*, 232 AD2d 373). Accordingly, these issues must be submitted to a jury for determination (*see, Guerrieri v Summa, supra*). O'Brien, J. P., Thompson, S. Miller and H. Miller, JJ., concur.