■ RUTH SCHATZ, Respondent, v HERCO, INC., Appellant. [708 NYS2d 435] —In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Lockman, J.), dated April 12, 1999, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff tripped and fell while at an amusement park owned by the defendant in Hershey, Pennsylvania. The alleged defective condition that caused her to trip was a difference in elevation where a concrete walk adjoined an asphalt walk, which ranged from 1/2" to 1 1/2", for a length of approximately 30 inches. The defendant moved for summary judgment on the ground, *inter alia*, that under Pennsylvania law the alleged defect was too trivial to be actionable. The Supreme Court denied the motion, finding the existence of a triable issue of fact.

Pennsylvania law is applicable in the instant case since the accident occurred in Pennsylvania, at a location owned and

operated by a corporation domiciled in Pennsylvania (*see, Reale v Herco, Inc.,* 183 AD2d 163). Pennsylvania courts have often held that an elevation, depression, or other irregularity in a street or sidewalk may be so trivial that there is no negligence in permitting it to exist (*see, e.g., Bosack v Pittsburgh Rys. Co.,* 410 Pa 558, 189 A2d 877; *German v City of McKeesport,* 137 Pa Super 41, 8 A2d 437). However, it is also the law in Pennsylvania that "[w]hat constitutes a defect sufficient to render the property owner liable must be determined in the light of the circumstances of the particular case, 'and except where the defect is obviously trivial, that question must be submitted to the jury' " (*Breskin v 535 Fifth Ave.,* 381 Pa 461, 463, 113 A2d 316, 318; *Aloia v City of Washington,* 361 Pa 620, 65 A2d 685).

Contrary to the defendant's arguments, under the circumstances of this case the issue of the alleged defect falls into that " 'shadow zone where such question must be submitted to the jury' " (*Breskin v 535 Fifth Ave., supra,* at 463, at 318). The report of the plaintiff's expert as to an industry-wide standard of "tolerance for such tripping hazards of .5", and the deposition testimony of the defendant's director of buildings and grounds maintenance that "[a]nything over a half an inch" was an unacceptable edge or lip, were sufficient to raise a triable issue of fact. Thus, the Supreme Court properly denied the defendant's motion. Joy, J. P., Florio, H. Miller and Smith, JJ., concur.