■ BERTHA L. ADSMOND et al, Appellants, v CITY OF POUGH-KEEPSIE et al., Respondents. [725 NYS2d 80] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Beisner, J.), dated March 14, 2000, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

Whether a dangerous condition exists on real property so as to create liability on the part of the landowner depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury (*see, Trincere v County of Suffolk,* 90 NY2d 976; *Green v Central Is. Nursing Home,* 268 AD2d 503; *Guerrieri v Summa,* 193 AD2d 647). The Supreme Court improperly determined, as a matter of law, that the condition

upon which the injured plaintiff fell, a crack in the sidewalk, was a trivial, nonactionable defect. The crack was nine inches long, $5^{1}/_{2}$ inches wide, and two inches deep. Review of the photographs of the crack and consideration of all relevant factors and surrounding circumstances (*see generally, Trincere v County of Suffolk, supra*) demonstrate that the issues of whether the crack constituted a dangerous condition and whether the injured plaintiff's own conduct in failing to avoid an open and obvious defect are matters for jury resolution. Santucci, J. P., Florio, Schmidt and Adams, JJ., concur.