◼ DENNIS SMITH, Respondent, v A.B.K. APARTMENTS, INC., Appellant, et al., Defendant. [725 NYS2d 672] —In an action to recover damages for personal injuries, the defendant A.B.K. Apartments, Inc., appeals from an order of the Supreme Court, Queens County (Milano, J.), dated July 20, 2000, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff tripped over the edge of a four-foot square depression, allegedly 3/4 to one-inch deep, designed to hold a mat on the floor in the vestibule of the apartment building where he lived. At the time of the incident the mat allegedly had been missing for years. The appellant moved for summary judgment, *inter alia,* on the ground that the depression in the floor did not constitute a dangerous or defective condition as a matter of law because it was trivial, not a trap or nuisance, and was open and obvious.

Under the circumstances of this case, there exists a triable issue of fact as to whether the depression in the floor, without a mat, constituted a dangerous or defective condition (*see, Trincere v County of Suffolk,* 90 NY2d 976; *Sanna v Wal-Mart Stores,* 271 AD2d 595; *Nin v Bernard,* 257 AD2d 417; *Guerrieri v Summa,* 193 AD2d 647). While injuries resulting from trivial defects are not actionable (*see, Ress v Incorporated Vil. of Hempstead,* 276 AD2d 681; *Neumann v Senior Citizens Ctr.,* 273 AD2d 452; *Riser v New York City Hous. Auth.,* 260 AD2d 564), in determining whether a defect is trivial, a court must examine all the facts presented, including the width, depth, elevation, irregularity, and appearance of the defect, along with the time, place, and circumstances of the injury (*see, Trincere v County of Suffolk, supra*). Furthermore, there is an issue of fact as to whether the alleged defect was so open and obvious that it did not create an unreasonable risk of harm (*see, Sanna v Wal-Mart Stores, supra; Silberberg v City of New York,* 260 AD2d 626; *Warren v Town of Hempstead,* 246 AD2d 536). Santucci, J. P., S. Miller, Luciano, Feuerstein and Adams, JJ., concur.