■ JULIA STACHOWSKI, Respondent, v CITY OF YONKERS, Appellant, et al., Defendants. [742 NYS2d 568] —In an action to recover damages for personal injuries, the defendant City of Yonkers appeals from (1) an order of the Supreme Court, Westchester County (Colabella, J.), dated July 25, 2000, which, after a jury trial, denied its motion pursuant to CPLR 4404 (a) to set aside the verdict and direct that judgment be entered in its favor, and (2) a judgment of the same court, entered September 27, 2000, which is in favor of the plaintiff and against it in the principal sum of $200,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a]).

Contrary to the appellant's contention, the trial court properly denied its motion pursuant to CPLR 4404 (a) to set aside the verdict and direct that judgment be entered in its favor. The photographs and other evidence in the record demonstrate that the issue of whether the sidewalk defect in question was "trivial" and hence nonactionable, was for the jury (*see McKenzie v Crossroads Arena,* 291 AD2d 860; *Santulli v City of New York,* 287 AD2d 352; *Cela v Goodyear Tire & Rubber Co.,* 286 AD2d 640; *Adsmond v City of Poughkeepsie,* 283 AD2d 598; *Denmark v Wal-Mart Stores,* 266 AD2d 776).

The appellant's remaining contentions are without merit. Santucci, J.P., S. Miller, Krausman and Goldstein, JJ., concur.