■ Rose Stelmack, Appellant, v Town of Oyster Bay Housing Authority et al., Respondents. [744 NYS2d 191] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered June 26, 2001, as granted those branches of the motion of the defendant MTL Construction Co., Inc., and the cross motion of the defendant Town of Oyster Bay Housing Authority, which were for summary judgment dismissing the complaint insofar as asserted against them, and denied her cross motion for partial summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendant MTL Construction Co., Inc., and the cross motion of the defendant Town of Oyster Bay Housing Authority, which were for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying those branches of the motion and the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The 89-year-old plaintiff, a resident of a senior citizen housing complex owned by the Town of Oyster Bay Housing Authority (hereinafter the Authority), allegedly tripped and fell over a bright orange electrical cord that was "laying loosely" across the walkway of her complex. MTL Construction Co., Inc. (hereinafter MTL), had placed the cord on the walkway as part of work it had contracted to perform on the complex.

The plaintiff commenced the instant action against MTL and the Authority alleging negligence. MTL moved for summary judgment dismissing the action insofar as asserted against it contending that the plaintiff could only speculate as to the cause of her fall, that the alleged condition was too trivial to be actionable, and that it was open and obvious. The Authority cross moved for summary judgment and adopted MTL's arguments. The plaintiff cross moved for partial summary judgment on the issue of liability. The Supreme Court determined that issues of fact existed as to whether the cord caused the plaintiff to fall and as to whether this condition was too trivial to be actionable. However, it concluded that the condition complained of was open and obvious, so it granted MTL'S motion and the Authority's cross motion and denied the plaintiff's cross motion.

The Supreme Court correctly found that issues of fact exist as to the cause of the plaintiff's fall (*see Cormack v Cross Sound Ferry Servs.*, 273 AD2d 433) and as to whether the alleged

condition was too trivial to be actionable (*see Trincere v County of Suffolk*, 90 NY2d 976, 977; *Adsmond v City of Poughkeepsie*, 283 AD2d 598).

However, under the circumstances of this case, a triable issue of fact exists as to whether the allegedly dangerous condition was open and obvious (*see Silberberg v City of New York*, 260 AD2d 626; *Warren v Town of Hempstead*, 246 AD2d 536). Accordingly, the Supreme Court improperly granted those branches of MTL's motion and the Authority's cross motion which were for summary judgment dismissing the complaint insofar as asserted against them. Santucci, J.P., McGinity, Luciano and Adams, JJ., concur.