■ Patricia Pennella et al., Appellants, v 277 Bronx River Road Owners, Inc., Respondent. [765 NYS2d 531] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered September 23, 2002, which, inter alia, granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The injured plaintiff allegedly tripped and fell on a crack in the driveway of the defendant's premises. The defendant moved for summary judgment dismissing the complaint on the ground that the crack in the pavement did not constitute a dangerous or defective condition as a matter of law because it was trivial in nature. The Supreme Court properly granted the defendant's motion.

Generally, the issue of whether a dangerous or defective condition exists on the property of another depends on the peculiar circumstances of each case and presents a question of fact for the jury. However, trivial defects are not actionable, and in determining whether a defect is trivial, a court must examine all of the facts presented, including the width, depth, elevation, irregularity, and appearance of the defect, along with the time, place, and circumstances of the injury (*see Trincere v County of Suffolk,* 90 NY2d 976 [1997]; *Riser v New York City Hous. Auth.,* 260 AD2d 564 [1999]). Scrutiny of the photographs depicting both the general area where the incident occurred and the crack which allegedly caused the injured plaintiff's fall, as well as the other evidence presented, supports the Supreme Court's conclusion that, as a matter of law, the alleged defect was too trivial to be actionable (*see Wasserman v Genovese Drug Stores,* 282 AD2d 447 [2001]; *Riser v New York City Hous. Auth., supra; Morales v Riverbay Corp.,* 226 AD2d 271 [1996]; *cf. Smith v A.B.K. Apts.,* 284 AD2d 323 [2001]; *Sanna v Wal-Mart Stores,* 271 AD2d 595 [2000]).

In light of the foregoing, we do not consider the plaintiffs' remaining contention. Ritter, J.P., Smith, Friedmann, H. Miller and Crane, JJ., concur.