■ GLORIA PICARELLO, Respondent, v VICTOR ZILBERMAN, Appellants. [766 NYS2d 849] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated May 1, 2002, as, upon granting the plaintiff's motion for leave to reargue their motion for summary judgment dismissing the complaint, which had previously been determined by order dated January 15, 2002, denied their motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that whether a dangerous condition exists on real property so as to create liability on the part of the landowner depends on the facts and circumstances of each case and is generally a question of fact for the jury (*see Trincere v County of Suffolk,* 90 NY2d 976 [1997]; *Adsmond v City of Poughkeepsie,* 283 AD2d 598 [2001]; *Green v Central Is. Nursing Home,* 268 AD2d 503 [2000]). Here, the Supreme Court, upon reargument, properly concluded that issues of fact existed which preclude summary judgment (*see Stachowski v City of Yonkers,* 294 AD2d 489 [2002]; *Adsmond v City of Poughkeepsie, supra; Smith v A.B.K. Apts.,* 284 AD2d 323 [2001]; *see also* CPLR 2221 [d]). To the extent that the dangerous condition may be open and obvious, under the circumstances of this case, it goes to the issue of the plaintiff's comparative negligence (*see Cupo v Karfunkel,* 1 AD3d 48 [2003]; *Acevedo v Camac,* 293 AD2d 430 [2002]; *Chambers v Maury Povich Show,* 285 AD2d 440 [2001]). Ritter, J.P., Friedmann, Luciano and H. Miller, JJ., concur.