■ TONI-JEAN DiVIETRO et al., Appellants, v GOULD PALISADES CORP. et al., Respondents. (And a Third-Party Action.) [771 NYS2d 527]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated September 30, 2002, as granted those branches of the separate motions of the defendants Gould Palisades Corp. and Majestic Property Management Corp., the defendant J.G.F. Landscaping, Inc., and the defendant Michael Gentile, doing business as Michael's Masonry, Inc., which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, those branches of the motions

which were for summary judgment dismissing the complaint insofar as asserted against the defendants are denied, and the complaint is reinstated.

The injured plaintiff alleged that she slipped and fell on a rock or gravel as she stepped from a stairway onto a walkway that was under construction. The injured plaintiff testified that, prior to her accident, she was aware of the alleged dangerous condition of the walkway.

The plaintiffs commenced this action against the building owner, Gould Palisades Corp. (hereinafter Gould), and its managing agent, Majestic Property Management Corp. (hereinafter Majestic), as well as the contractor, J.G.F. Landscaping, Inc. (hereinafter JGF), that Majestic hired to reconstruct the walkway, and its subcontractor, Michael Gentile, doing business as Michael's Masonry, Inc. (hereinafter Gentile). Gould and Majestic, JGF, and Gentile separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. They relied on the open and obvious doctrine. The Supreme Court agreed with them and, inter alia, dismissed the complaint against each of these defendants. We reverse.

A landowner has a duty to maintain its premises in a reasonably safe condition (*see Basso v Miller,* 40 NY2d 233, 241 [1976]), and to warn of a dangerous condition that is not readily observable with the reasonable use of one's senses (*see Tagle v Jakob,* 97 NY2d 165, 169 [2001]).

"Apart from the duty to warn of dangerous conditions on the property, a landowner also has a concomitant duty to keep the property in a reasonably safe condition for those who use it" (*Cupo v Karfunkel,* 1 AD3d 48, 51 [2003]; *see Tulovic v Chase Manhattan Bank, N.A.,* 309 AD2d 923 [2003]; *Picarello v Zilberman,* 309 AD2d 912 [2003]). Where a dangerous condition exists on property, the fact that the condition was open and obvious, while relieving the landowner of the duty to warn, will not relieve the landowner of its burden of demonstrating that "he or she exercised reasonable care under the circumstances to remedy the condition and to make the property safe, based on such factors as the likelihood of injury to those entering the property and the burden of avoiding the risk" (*Cupo v Karfunkel, supra* at 52; *see MacDonald v City of Schenectady,* 308 AD2d 125, 128-129 [2003]; *Soich v Farone,* 307 AD2d 658, 660 [2003]).

Here, the defendants failed to establish their entitlement to judgment as a matter of law. A question of fact exists as to whether JGF and Gentile exercised reasonable care under the circumstances to secure the construction site (*see Tulovic v*

*Chase Manhattan Bank, N.A., supra; Cupo v Karfunkel, supra).*
While there is no merit to the injured plaintiff's contention that
Gould and Majestic were liable in failing to provide a handrail
on the right side of the staircase (*see Palo v Principio,* 303 AD2d
478, 479 [2003]; *Daria v Beacon Capital Co.,* 299 AD2d 312
[2002]), her claim that they failed to keep the premises in a rea-
sonably safe condition during construction raises a question of
fact. That the condition was open and obvious merely creates an
issue as to the injured plaintiff's comparative negligence (*see
Tulovic v Chase Manhattan Bank, N.A., supra; Cupo v Kar-
funkel, supra*).

Accordingly, we reverse and reinstate the complaint. Florio,
J.P., H. Miller, Schmidt and Crane, JJ., concur.