Elvira Corrado, Respondent, v City of New York, Defendant, and Wall Realty, Inc., et al., Appellants. [773 NYS2d 894]—

In an action to recover damages for personal injuries, the defendants Wall Realty, Inc., Eckerd Corporation, and Genovese Drug Stores, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated April 2, 2003, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

On the evening of November 22, 1998, the plaintiff tripped and fell on the sidewalk adjacent to the parking lot of a drug store located on Avenue Z in Brooklyn. The plaintiff commenced this action against, among others, the owner of the premises leased to the drug store, and the tenants in possession of the property (hereinafter the appellants). The appellants moved for summary judgment, contending that the sidewalk defect which allegedly caused the plaintiff's accident was too trivial to be actionable, and that, in any event, they could not be held liable because they had no actual or constructive notice of the defect. The Supreme Court denied the appellants' motion, and we affirm.

As a general rule, whether a dangerous condition exists on real property so as to create liability depends on the peculiar facts and circumstances of each case, and presents a question of fact for the jury (see Pennella v 277 Bronx Riv. Rd. Owners, 309 AD2d 793 [2003]; Adsmond v City of Poughkeepsie, 283 AD2d 598 [2001]). However, trivial defects are not actionable, and in determining whether a defect is trivial, a court must examine all of the facts presented, including the width, depth, elevation, irregularity, and appearance of the defect, along with the time, place, and circumstances of the injury (see Trincere v County of Suffolk, 90 NY2d 976 [1997]; Smith v A.B.K. Apts., 284 AD2d 323 [2001]). Contrary to the appellants' contention, the photographs of the accident site submitted in support of their motion for summary judgment were insufficient to demonstrate, as a matter of law, that the defective sidewalk condition which caused the plaintiff's fall was too trivial to be actionable (see Smith v A.B.K. Apts., supra; Adsmond v City of Poughkeepsie,

*supra; Lobsenzer v Mintz,* 283 AD2d 556 [2001]; *Reeves v New York City Tr. Auth.,* 276 AD2d 543 [2000]). Furthermore, there are also issues of fact as to whether the appellants had actual or constructive notice of the subject defect (*see Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]; *Lobsenzer v Mintz, supra; Green v Central Is. Nursing Home,* 268 AD2d 503 [2000]).

The appellants additionally contend that they cannot be held liable because the accident occurred on a portion of the sidewalk which was beyond their property line, and which they did not put to a special use. However, these claims are raised for the first time on appeal, and thus, are not properly before this Court (*see Russell v B & B Indus.,* 309 AD2d 914 [2003]; *Gee v City of New York,* 304 AD2d 615 [2003]; *Oliveri v Oliveri,* 251 AD2d 561 [1998]). Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.