■ LISA MIEHL et al., Appellants, v BLUE RIDGE HOMEOWNERS ASSOCIATION, Respondent. [775 NYS2d 541]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Cohalan, J.), entered June 3, 2003, which, upon an order of the same court dated April 10, 2003, granting the defendant's motion for summary judgment dismissing the complaint, dismissed the complaint.

Ordered that the judgment is reversed, on the law, with costs, the order dated April 10, 2003, is vacated, the motion is denied, and the complaint is reinstated.

The infant plaintiff was injured when she tripped and fell over a crack in the pavement of a parking lot owned by the defendant. The Supreme Court granted the defendant's motion for summary judgment, concluding that the subject defect did not constitute a dangerous condition because it was open and obvious, and that the sole cause of the accident was the infant plaintiff's failure to watch where she was going. However, the fact that the subject defect was open and obvious does not negate the defendant's duty to maintain its premises in a reasonably safe condition, but rather raises an issue of fact concerning the infant plaintiff's comparative negligence (see Cupo v Karfunkel, 1 AD3d 48, 52 [2003]; Tulovic v Chase Manhattan Bank, 309 AD2d 923 [2003]). Furthermore, the evidence presented an issue of fact as to whether the defendants fulfilled their obligation to maintain the parking lot in a reasonably safe condition (see Cupo v Karfunkel, supra at 53; Grgich v City of New York, 2 AD3d 680 [2003]). Accordingly, the Supreme Court improperly granted the defendant's motion for summary judgment dismissing the complaint (see Cupo v Karfunkel, supra; see also DiVietro v Gould Palisades Corp., 4 AD3d 324 [2004]; Grgich v City of New York, supra; DeGruccio v 863 Jericho Turnpike Corp., 1 AD3d 472 [2003]). Ritter, J.P., Krausman, Luciano and Cozier, JJ., concur.