■ LAWRENCE COCOZELLO, Respondent, v CITY OF NEW YORK et al., Defendants, and FOREST MANOR HOMEOWNERS ASSOCIATION, INC., Appellant. [777 NYS2d 311]—

In an action to recover damages for personal injuries, the defendant Forest Manor Homeowners Association, Inc., appeals from so much of an order of the Supreme Court, Richmond County (Mega, J.), dated July 1, 2003, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly sustained injuries when he drove his vehicle into an exposed manhole on a privately-owned emergency access road. The road was owned by the defendants Anthony DiTomasso and Fred DiTomasso, and was subject to two easements in favor of the defendants A&F Realty Corp. (hereinafter A&F) and the City of New York, respectively. By a declaration of covenants, restrictions, easements, charges, and liens (hereinafter the declaration), A & F delegated the duty of maintenance and repair of "the balance" of the access road to the appellant. The plaintiff commenced this action against, among others, the appellant. The Supreme Court denied the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it. We affirm.

In opposition to the appellant's prima facie showing of entitlement to judgment as a matter of law, the plaintiff raised a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]) as to whether the appellant was responsible for the maintenance and repair of the manhole, and failed to warn the plaintiff of a dangerous condition (*see DiVietro v Palisades,* 4 AD3d 324 [2004]; *Cupo v Karfunkel,* 1 AD3d 48 [2003]). The plaintiff submitted the declaration which placed the duty to maintain the balance of the access road on the appellant. In addition, the plaintiff submitted evidence showing that there were no warning signs or protective measures in the vicinity of the exposed manhole.

Contrary to the appellant's contention, its invocation of the doctrine of special use does not relieve it from liability (*see Kaufman v Silver,* 90 NY2d 204 [1997]; *D'Ambrosio v City of New York,* 55 NY2d 454 [1982]). Krausman, J.P., Luciano, Cozier and Spolzino, JJ., concur.