■ MARIA FEMENELLA et al., Appellants, v PELLEGRINI VINEYARDS, LLC, Respondent, et al., Defendant. (And a Third-Party Action.) [792 NYS2d 122]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (LeVine, J.), dated September 30, 2003, which granted the motion of the defendant Pellegrini Vineyards, LLC, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiffs contend that the Supreme Court erred in granting the motion of the defendant Pellegrini Vineyards, LLC (hereinafter Pellegrini), for summary judgment dismissing the complaint insofar as asserted against it. We agree. Pellegrini failed to establish its prima facie entitlement to judgment as a matter of law. The plaintiffs allege that Pellegrini created an unsafe condition by positioning the chair of the plaintiff Maria Femenella too close to the edge of the raised outdoor patio. The patio was surrounded by hedges that may have blocked her view of the edge of the patio. Pellegrini failed to offer sufficient

evidence that it did not create this condition. Under the circumstances of this case, the issue of whether this condition was open and obvious is an issue of fact. Even if this condition was open and obvious as a matter of law, this did not relieve Pellegrini of its duty to maintain its premises in a reasonably safe condition, and raised an issue of fact concerning Femenella's comparative negligence (*see Miehl v Blue Ridge Homeowners Assn.*, 6 AD3d 676 [2004]; *Cupo v Karfunkel*, 1 AD3d 48 [2003]; *Tulovic v Chase Manhattan Bank*, 309 AD2d 923 [2003]). Accordingly, the Supreme Court erred in granting the motion.

The parties' remaining contentions either are academic in light of our determination or are without merit. H. Miller, J.P., Ritter, Mastro and Lifson, JJ., concur.