■ ARLENE FRIEDMAN et al., Appellants, v BETH DAVID CEMETERY et al., Respondents. [796 NYS2d 167]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Schulman, J.), dated March 16, 2004, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

Generally, the issue of whether a dangerous or defective condition exists depends on the particular facts of each case, and is properly a question of fact for the jury (see *Trincere v County of Suffolk*, 90 NY2d 976 [1997]). In determining whether a defect is trivial, a court must examine all the facts presented, including the width, depth, elevation, irregularity, and appearance of the defect, along with the time, place, and circumstances of the injury (see *Trincere v County of Suffolk, supra*; *Smith v A.B.K. Apts.*, 284 AD2d 323 [2001]; *Sanna v Wal-Mart Stores*, 271 AD2d 595 [2000]).

Contrary to the Supreme Court's determination, it cannot be concluded, as a matter of law, that the alleged defect upon which the plaintiff Arlene Friedman tripped and fell was of such a trivial nature that it could not give rise to legal liability on the part of the defendants (see *Corrado v City of New York*, 6 AD3d 380 [2004]; *Lobsenzer v Mintz*, 283 AD2d 556 [2001]; *Reeves v New York City Tr. Auth.*, 276 AD2d 543 [2000]).

Accordingly, the defendants' motion for summary judgment dismissing the complaint should have been denied. Cozier, J.P., Ritter, Krausman and Skelos, JJ., concur.