■ JEAN FASANO, Respondent, v GREEN-WOOD CEMETERY, Appellant. [799 NYS2d 827]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Douglass, J.), dated November 1, 2004, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Whether a dangerous condition exists on real property so as to create liability on the part of the landowner depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury (*see Trincere v County of Suffolk*, 90 NY2d 976 [1997]; *Adsmond v City of Poughkeepsie*, 283 AD2d 598 [2001]; *Guerrieri v Summa*, 193 AD2d 647 [1993]). The defendant failed to make a prima facie showing that the condition upon which the plaintiff tripped and fell, a difference in elevation between the landing of a concrete staircase and the adjoining walkway, which ranged up to two inches, for a length of approximately two feet, was trivial and nonactionable as a matter of law. The plaintiff's testimony together with photographs of the defective condition as well as all other relevant factors and surrounding circumstances demonstrated that there exist triable issues of fact (*see Stachowski v City of Yonkers*, 294 AD2d 489 [2002]; *Schatz v Herco, Inc.*, 272 AD2d 536 [2000]; *Denmark*

*v Wal-Mart Stores,* 266 AD2d 776 [1999]). Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.