■ MARIETTA FAIRCHILD, Appellant, v J. CREW GROUP, INC., Defendant and Third-Party Plaintiff-Respondent. CORCON CONSTRUCTION et al., Third-Party Defendants. [800 NYS2d 735]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated December 23, 2004, as granted the motion of the defendant third-party and second third-party plaintiff for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the defendant third-party and second third-party plaintiff-respondent, the motion is denied, and the complaint is reinstated.

Generally, the issue of whether a dangerous or defective condition exists on property depends on the particular facts and circumstances of each case, and presents a question of fact for the jury (*see Trincere v County of Suffolk*, 90 NY2d 976 [1997]; *Friedman v Beth David Cemetery*, 19 AD3d 365 [2005]; *Adsmond v City of Poughkeepsie*, 283 AD2d 598 [2001]; *Sanna v Wal-Mart Stores*, 271 AD2d 595 [2000]). However, a property owner may not be held liable for trivial defects, not constituting a trap or a nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (*see Hagood v City of New York*, 13 AD3d 413 [2004]; *Hargrove v Baltic Estates*, 278 AD2d 278 [2000]). In determining whether a defect is trivial, a court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the 'time, place and circumstance' of the injury" (*Trincere v County of Suffolk, supra* at 978, quoting *Caldwell v Village of Is. Park*, 304 NY 268, 274 [1952]; *see Friedman v Beth David Cemetery, supra; Mendez v De Milo*, 17 AD3d 328 [2005]; *Sanna v Wal-Mart Stores, supra*).

Here, considering the dimensions and appearance of the subject defect, and taking into account its location and the circumstances of the accident, we cannot conclude, as a matter of law, that it was so trivial in nature that it could not give rise to liability on the part of the defendant (*see Friedman v Beth David Cemetery, supra; Smith v A.B.K. Apts.*, 284 AD2d 323 [2001]; *Adsmond v City of Poughkeepsie, supra; Sanna v Wal-Mart Stores, supra*). Furthermore, the fact that the defect may have been open and obvious did not negate the defendant's duty to maintain its premises in a reasonably safe condition, but rather, may raise an issue of fact as to the plaintiff's comparative negligence (*see Femenella v Pellegrini Vineyards, Inc.*, 16 AD3d 546 [2005]; *Sportiello v City of New York*, 6 AD3d 421 [2004];

*Cupo v Karfunkel*, 1 AD3d 48 [2003]). Accordingly, the defendant's motion for summary judgment should have been denied. Adams, J.P., Krausman, Fisher and Lifson, JJ., concur.