■ June Maxson, Appellant, v Brentwood Union Free School District, Respondent. [818 NYS2d 567]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Henry, J.), dated February 7, 2005, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) so much of an order of the same court dated August 8, 2005, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from order dated February 7, 2005 is dismissed, as that order was superseded by the order dated August 8, 2005 made upon reargument; and it is further,

Ordered that the order dated August 8, 2005 is reversed insofar as appealed from, on the law, upon reargument, the order dated February 7, 2005 is vacated, and the motion for summary judgment is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Generally, the issue of whether a dangerous or defective condition exists depends on the circumstances of each case, and is properly a question of fact for the jury (*see Trincere v County of Suffolk,* 90 NY2d 976 [1997]; *Fairchild v J. Crew Group, Inc.,* 21 AD3d 523 [2005]; *Friedman v Beth David Cemetery,* 19 AD3d 365 [2005]; *Chillemi v National Birchwood Corp.,* 16 AD3d 612 [2005]; *Corrado v City of New York,* 6 AD3d 380 [2004]; *Sanna v Wal-Mart Stores,* 271 AD2d 595 [2000]; *Riser v New York City Hous. Auth.,* 260 AD2d 564 [1999]). However, a property owner may not be held liable for trivial defects not constituting a trap or a nuisance over which a pedestrian might merely stumble, stub his or her toes, or trip (*see Hagood v City of New York,* 13 AD3d 413 [2004]; *Hargrove v Baltic Estates,* 278 AD2d 278 [2000]; *Fairchild v J. Crew Group, Inc., supra* at 524). In determining whether a defect is trivial, a court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect, along with the time, place, and circumstance of the injury" (*Trincere v County of Suffolk, supra* at 978 [internal quotation marks omitted]; *see Friedman v Beth David Cemetery, supra; Mendez v De Milo,* 17 AD3d 328 [2005]; *Sanna v Wal-Mart Stores, supra*).

Here, considering the dimensions and appearance of the subject defect, and taking into account its location and the circumstances of the accident, we cannot conclude, as a matter of law, that it was so trivial in nature that it could not give rise to liability on the part of the defendant (*see Fairchild v J.Crew Group, Inc., supra; Friedman v Beth David Cemetery, supra; Sanna v Wal-Mart Stores, supra*). Accordingly, the defendant's motion for summary judgment should have been denied. Miller, J.P., Adams, Goldstein and Covello, JJ., concur.