■ MARGARET MISHAAN, Appellant, v NEIL TOBIAS, Defendant, and CITY OF NEW YORK, Respondent. [821 NYS2d 640]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Solomon, J.), entered August 29, 2005, as granted that branch of the defendant City of New York's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the cross motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it is denied, and the complaint is reinstated insofar as asserted against that defendant.

The plaintiff allegedly tripped and fell on a cracked and broken concrete public sidewalk in front of the premises owned and maintained by the defendant Neil Tobias (hereinafter the premises). The defendant City of New York moved, inter alia, to dismiss the complaint insofar as asserted against it on the ground that, as a matter of law, the claimed defect, a raised portion of the sidewalk in front of the premises, did not constitute a dangerous or defective condition as it was too trivial to be actionable.

"Generally, the issue of whether a dangerous or defective condition exists on the property of another depends on the peculiar circumstances of each case and presents a question of fact for the jury. However, trivial defects are not actionable, and in determining whether a defect is trivial, a court must examine all of the facts presented, including the width, depth, elevation, irregularity, and appearance of the defect, along with the time, place, and circumstances of the injury" (*Pennella v 277 Bronx Riv. Rd. Owners,* 309 AD2d 793, 794 [2003]).

Scrutiny of the photographs provided by the plaintiff depicting the alleged defect show that it consisted of a cracked and broken sidewalk, and that a portion of that sidewalk was raised, at least an inch in height, over the remaining portion of the sidewalk. Those photographs, together with the other evidence presented, showed the existence of a factual question as to whether the alleged defect was trivial (*see Adsmond v City of Poughkeepsie,* 283 AD2d 598 [2001]; *see generally Trincere v*

1002

*County of Suffolk,* 90 NY2d 976 [1997], *affg* 232 AD2d 400 [1996]; *see also Argenio v Metropolitan Transp. Auth.,* 277 AD2d 165 [2000]). Accordingly, the City was not entitled to summary judgment dismissing the complaint insofar as asserted against it (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320,324 [1986]). Florio, J.P., Ritter, Goldstein and Lifson, JJ., concur.