■ Stephen Donati, Appellant, v Tommy's, LLC, Doing Business as Morningside Pub, Respondent, et al., Defendants. (And a Third-Party Action.) [833 NYS2d 218]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (LaCava, J.), entered November 15, 2005, which, inter alia, granted the motion of the defendant Tommy's, LLC, doing business as Morningside Pub, for summary judgment dismissing the complaint insofar as asserted against it, and (2), as limited by his brief, from so much of an order of the same court entered March 3, 2006, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered November 15, 2005 is dismissed, as that order was superseded by the order entered March 3, 2006, made upon reargument; and it is further,

Ordered that the order entered March 3, 2006 is reversed insofar as appealed from, on the law, upon reargument, the order entered November 15, 2005, is vacated, and the motion of the defendant Tommy's, LLC, doing business as Morningside Pub, for summary judgment dismissing the complaint insofar as asserted against it is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff allegedly tripped and fell over a hose that lay across less than half the doorway of the bar owned by the defendant Tommy's, LLC, doing business as Morningside Pub (hereinafter the Pub). The hose was attached to an air conditioner located over the front doorway, and ran down the front of the Pub to where it lay in the walkway.

The plaintiff commenced the instant action against, among others, the Pub, alleging negligence. The Pub moved for summary judgment dismissing the complaint insofar as asserted against it, contending that the alleged condition was too trivial to be actionable. The Supreme Court determined that the Pub satisfied its burden of showing that the location of the hose in less than half the walkway was a trivial defect, and did not have the characteristics of a trap or snare (see *Trincere v County of Suffolk*, 90 NY2d 976 [1997]). The court further found that, in opposition, the plaintiff failed to raise a triable issue of fact. We disagree.

Under the circumstances of this case, a triable issue of fact exists as to whether the alleged condition was too trivial to be actionable (see *Trincere v County of Suffolk, supra; Mishaan v Tobias,* 32 AD3d 1000 [2006]; *Herring v Lefrak Org.,* 32 AD3d 900 [2006]; *Maxson v Brentwood Union Free School Dist.,* 31 AD3d 506, 507 [2006]; *Fairchild v J. Crew Group, Inc.,* 21 AD3d

523, 524 [2005]; *Stelmack v Town of Oyster Bay Hous. Auth.,* 295 AD2d 594 [2002]; *Adsmond v City of Poughkeepsie,* 283 AD2d 598 [2001]). Prudenti, P.J., Fisher, Carni and McCarthy, JJ., concur.