CHRIS M. FIGUEROA, Appellant, v CITY OF NEW YORK et al., Defendants, and 843 GREENE AVENUE CORP. et al., Respondents. (And a Third-Party Action.) [933 NYS2d 377]—

One night in October 2005, the plaintiff allegedly was injured when he stepped into a hole in the sidewalk in front of property that was then owned by the defendant 843 Greene Avenue Corp. (hereinafter 843 Greene). Although it was dark outside, the plaintiff saw the hole, which he later described as two to three inches wide, three inches long, and three inches deep, but he did not try to avoid it. The plaintiff commenced this action against 843 Greene, Floral Construction, Inc. (hereinafter Floral), 843 Greene's general contractor on a construction project on the premises, and Luigi Spagnolo Contracting (hereinafter Spagnolo), the cement subcontractor on the construction project, as well as the City of New York, and Keyspan Energy Delivery (hereinafter Keyspan). Spagnolo defaulted in answering the complaint.

843 Greene moved, and Floral cross-moved, inter alia, for

summary judgment dismissing the complaint insofar as asserted against them. In the order appealed from, the Supreme Court, among other things, granted the aforementioned branches of the motion and cross motion and also, in effect, searched the record and awarded summary judgment to Spagnolo. The plaintiff appeals from so much of the order as awarded summary judgment to 843 Greene, Floral, and Spagnolo.

843 Greene and Floral failed to meet their prima facie burdens of establishing their entitlement to judgment as a matter of law. First, they failed to establish, prima facie, that they did not create the defect or that they lacked actual or constructive notice of it (*see Walsh v Super Value, Inc.*, 76 AD3d 371, 375 [2010]). Second, they failed to establish as a matter of law that the defect was trivial and therefore not actionable (*see Fairchild v J. Crew Group, Inc.*, 21 AD3d 523, 524 [2005]; cf. *Milewski v Washington Mut., Inc.*, 88 AD3d 853, 855-856 [2011]). Finally, they failed to establish that the plaintiff's act of stepping into the hole despite having seen it in time to avoid it was the sole proximate cause of his injuries (*see Soto v New York City Tr. Auth.*, 6 NY3d 487, 492 [2006]). Specifically, the plaintiff's conduct is relevant to the fact-finder's determination of his comparative negligence, but it does not excuse 843 Greene and Floral's own alleged negligence in either creating the defect or not remedying it despite having actual or constructive notice of it in time to do so (*see* CPLR 1411; *Soto v New York City Tr. Auth.*, 6 NY3d at 492; *Cupo v Karfunkel*, 1 AD3d 48, 51 [2003]; *Tulovic v Chase Manhattan Bank*, 309 AD2d 923, 924 [2003]; cf. *Williams v City of New York*, 71 AD3d 1135, 1137 [2010]).

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court erred in granting those branches of 843 Greene's motion and of Floral's cross motion which were for summary judgment dismissing the complaint insofar as asserted against each of them and by, in effect, searching the record and awarding summary judgment to Spagnolo. Dillon, J.P., Balkin, Leventhal and Belen, JJ., concur.