■ Joann Frank, Appellant, v JS Hempstead Realty, LLC, et al., Respondents, et al., Defendant. [24 NYS3d 714]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (K. Murphy, J.), dated July 14, 2014, as granted that branch of the motion of the defendant Bennett Insurance Company which was for summary judgment dismissing the complaint insofar as asserted against it and that branch of the separate motion of the defendant JS Hempstead Realty, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Bennett Insurance Company which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendant Bennett Insurance Company, and one bill of costs to the defendant JS Hempstead Realty, LLC, payable by the plaintiff.

The plaintiff was employed by an automobile dealership that leased its space from the defendant JS Hempstead Realty, LLC (hereinafter JS Hempstead). The plaintiff alleged that she tripped and fell over a telephone cord inside the office of the defendant Bennett Insurance Company (hereinafter Bennett), which was located within the automobile dealership. At her deposition, the plaintiff testified that, just prior to the accident, she brought a couple of customers to Bennett's office so that they could obtain insurance for their newly purchased vehicle. She testified that Bennett's employee was using a telephone on his desk and that he moved a telephone from a desk that was behind him to his desk for the customers to use. When the plaintiff then went behind the employee's desk to drop off some paperwork, she tripped and fell over the telephone cord from that second phone.

The plaintiff commenced this action against, among others, JS Hempstead, and Bennett. Bennett moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending that the condition that the plaintiff alleges caused her to fall was open and obvious and not inherently dangerous. JS Hempstead also moved, inter

alia, for summary judgment dismissing the complaint insofar as asserted against it, contending that it did not create the alleged hazardous condition or have actual or constructive notice of it. The Supreme Court granted those branches of both motions on the ground that the condition at issue was open and obvious and not inherently dangerous.

There is no duty to warn of a condition which is open and obvious and not inherently dangerous (*see Cupo v Karfunkel*, 1 AD3d 48, 51 [2003]). "The issue of whether a dangerous condition is open and obvious is fact-specific, and usually a question for a jury" (*Shah v Mercy Med. Ctr.*, 71 AD3d 1120, 1120 [2010]; *see Pellegrino v Trapasso*, 114 AD3d 917, 918 [2014]; *Bolloli v Waldbaum, Inc.*, 71 AD3d 618, 619 [2010]; *Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d 1008, 1009 [2008]). "A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (*Shah v Mercy Med. Ctr.*, 71 AD3d at 1120; *see Stoppeli v Yacenda*, 78 AD3d 815, 816 [2010]; *Villano v Strathmore Terrace Homeowners Assn., Inc.*, 76 AD3d 1061, 1062 [2010]; *Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d at 1009).

Under the circumstances of this case, Bennett failed to establish, prima facie, that the condition that caused the plaintiff to fall was open and obvious and not inherently dangerous (*see Klee v Cablevision Sys. Corp.*, 77 AD3d 794, 795 [2010]; *Shah v Mercy Med. Ctr.*, 71 AD3d at 1120; *Stelmack v Town of Oyster Bay Hous. Auth.*, 295 AD2d 594, 595 [2002]). Since Bennett failed to meet its initial burden as the movant, it is not necessary to review the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court should have denied that branch of Bennett's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

However, JS Hempstead established, prima facie, its entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it. The evidence submitted by JS Hempstead in support of its motion showed that Bennett's employee created the condition shortly before the accident occurred. Accordingly, JS Hempstead established, prima facie, that it did not create the alleged hazardous condition or have actual or constructive notice of it (*see generally Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact. Leventhal, J.P., Dickerson, Maltese and Duffy, JJ., concur.