Mozlin v Village/Town of Mount Kisco (2024 NY Slip Op 02316)

Mozlin v Village/Town of Mount Kisco

2024 NY Slip Op 02316

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2022-02373
 (Index No. 58493/20)

[*1]Christine Mozlin, et al., appellants,
v
Village/Town of Mount Kisco, et al., respondents.

Worby Vecchio Edelman LLP, White Plains, NY (Rechard Vecchio and Peter Overzat of counsel), for appellants.
Sobel Pevzner, LLC, New York, NY (Lance B. Ringer of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated March 11, 2022. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Shamrock Shows, Inc..
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Shamrock Shows, Inc., is denied.
The plaintiff Christine Mozlin (hereinafter the injured plaintiff) allegedly was injured when she tripped and fell over cables placed across a parking lot that was the site of a carnival event she was attending. The carnival was run by the defendant Shamrock Shows, Inc. (hereinafter Shamrock). The injured plaintiff, and her husband suing derivatively, commenced this action to, inter alia, recover damages for personal injuries. The defendants Shamrock, the Village/Town of Mount Kisco, and the Mount Kisco Chamber of Commerce, Inc. moved for summary judgment dismissing the complaint. In relevant part, the defendants contended that Shamrock was entitled to summary judgment dismissing the complaint insofar as asserted against it on the ground that the condition of the cables was open and obvious and not inherently dangerous. The Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Shamrock. The plaintiffs appeal.
The defendants failed to establish, prima facie, that the cables were not inherently dangerous (see Franzo v Town of Hempstead, 194 AD3d 698, 698; Crosby v Southport, LLC, 169 AD3d 637, 640; Frank v JS Hempstead Realty, LLC, 136 AD3d 742, 743-744). In light of the defendants' failure to meet their prima facie burden, it is not necessary to consider the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against [*2]Shamrock.
CONNOLLY, J.P., CHAMBERS, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court